### DAVIS, COWELL & BOWE, LLP, Plaintiff,

v.

### SOCIAL SECURITY ADMINISTRATION., Defendant.

### No. C–01–4021 EMC.

United States District Court, N.D. California.

Sept. 8, 2003.

Kristin L. Martin, Davis, Cowell & Bowe, LLP, San Francisco, CA, for Plaintiff.

Alex G. Tse, U.S. Attorney's Office, San Francisco, CA, for Defendant.

### ORDER GRANTING PARTIES' JOINT MOTION TO VACATE (Docket No. 37)

CHEN, United States Magistrate Judge.

On September 3, 2003, Kristin L. Martin, representing Davis, Cowell & Bowe (hereinafter referred to as "Plaintiff") and Alex G. Tse, representing the Social Security Administration (hereinafter referred to as "SSA") appeared before this Court for a hearing on their joint motion to

vacate this Court's order granting summary judgment to defendant SSA. Having considered the parties' joint brief filed in support of this motion and the arguments of counsel, the Court grants the parties' joint motion.

## I. BACKGROUND

In its amended complaint dated January 23, 2003, Plaintiff sought injunctive relief under the Freedom of Information Act (FOIA) for the SSA's failure to comply with Plaintiff's requests for records. First Am. Compl. 2, 3. Plaintiff sought records reflecting communications between the SSA and two employers, including inquiries made to the SSA by these employers about their employee's social security numbers, the SSA's response to these inquiries, and notices from the SSA to the employers that social security numbers on their wage reports do not match the corresponding employee's name, date of birth, and/or sex. Order Granting Def.'s Mot. for Summ. J. at 1, 2, reported as *Davis, Cowell & Bowe v. Social Security Administration*, 2002 WL 1034058 (N.D.Cal. 2002). The SSA failed to respond to and/or denied these requests; it neither denied nor admitted any such records existed. It asserted that any such information would be exempt from disclosure as tax return information. Plaintiff sought an order requiring the SSA to provide the records, and sought an injunction requiring the SSA to comply with FOIA deadlines in responding to future FOIA requests. First Am. Compl. at 2, 3. On May 16, 2002, this Court granted summary judgment to the SSA. It found that the records sought by the SSA were taken from W–2 and W–3's and constituted tax return information that are confidential under 26 U.S.C. § 6103, and are thereby exempt from disclosure under FOIA, Exemption 3, 5 U.S.C. § 552(b)(3). Order Granting Def.'s Mot. for Summ. J. at 12.

Pending Plaintiff's appeal to the Ninth Circuit, the SSA informed Plaintiff that no records sought existed and that it intended to provide Plaintiff with a declaration establishing that the SSA possessed none of the records (hereinafter Blevins declaration.) Joint Br. In Supp. of Joint Mot. to Vacate at 2. Thereafter, the parties entered into a settlement agreement for attorneys' fees payable to Plaintiff. *Id.* at 5. The settlement agreement provided that the SSA would deliver to Plaintiff the original copy of the Blevins declaration. Joint Mot. for Vacatur, Attach 1 ¶ 3. In consideration for this settlement, Plaintiff agreed to move to dismiss its appeal without prejudice to reinstate the appeal if this Court does not vacate its order granting summary judgment to the SSA. Joint Mot. For Vacatur, Attach. 1 ¶ 7. The joint motion for vacatur is before this Court.

## II. ANALYSIS

"The established practice of the court in dealing with a civil case ... vacatur must be decreed for those judgments whose review is ... 'prevented through happenstance.'" *U.S. Bancorp v. Bonner Mall P'ship* 513 U.S. 18, 23, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994) (quoting *United States v. Munsingwear, Inc.* 340 U.S. 36, 40, 71 S.Ct. 104, 95 L.Ed. 36 (1950)). Mootness due to happenstance results where a controversy presented for review has "become moot due to circumstances unattributable to any of the parties." *U.S. Bancorp*, 513 U.S. at 23, 115 S.Ct. 386 (quoting *Karcher v. May*, 484 U.S. 72, 82, 83, 108 S.Ct. 388, 98 L.Ed.2d 327 (1987)). Vacatur must also be granted where mootness results from the unilateral action of the party who prevailed in the lower court. *U.S. Bancorp* 513 U.S. at 23, 115 S.Ct. 386. On the other hand, when mootness results from settlement, absent exceptional circumstances, the losing party voluntarily forfeits its legal remedy of appeal and there-

by surrenders its claim to the equitable remedy of vacatur of an appellate court's order. *Id.* at 25, 115 S.Ct. 386. However, when mootness results from settlement, a district court may grant vacatur of its own judgment when equitable considerations counsel in favor of vacatur; a finding of exceptional circumstances is not required. *American Games, Inc., v. Trade Prod. Inc.,* 142 F.3d 1164, 1168 (9th Cir.1998). The District Court should consider "the consequences and attendant hardships of dismissal or refusal to dismiss and the competing values of finality and the right to relitigate unreviewed disputes." *Id.* (citing *Dilley v. Gunn* 64 F.3d 1365, 1370–71 (9th Cir.1995)).

Here, prior to settlement, the SSA revealed to Plaintiff that it possessed none of the records sought by Plaintiff that were the subject of the dispute. Joint Br. in Supp. of Joint Mot. to Vacate at 2. During the hearing before this Court, the SSA confirmed that if vacatur is denied, it will file the Blevins declaration with the Ninth Circuit Court of Appeals. Both parties and the Court agree that the declaration will moot the appeal. The Court finds that the SSA's disclosure constitutes unilateral action mooting this case. The fact that the settlement provides for the provision of the original Blevins declaration to Plaintiff does not transform the mootness into one procured by settlement; the disclosure was unilaterally made prior to settlement and will be made to the Ninth Circuit irrespective of the settlement should this Court deny the motion for vacatur.

Furthermore, the SSA has represented that the IRS had changed its policy. It will no longer argue that the social security information sought in this case is tax information. That was the sole basis for the SSA's claim of exemption and this Court's opinion. This unilateral change in policy also moots the case.

Because the controversy is moot by unilateral action taken by the SSA which had prevailed in this Court, *Munsingwear* rather than *U.S. Bancorp* applies. Accordingly, the "established practice" is to grant vacatur so as to "[clear] the path for future relitigation of the parties ..." *Munsingwear,* 340 U.S. at 40, 71 S.Ct. 104. Without vacatur, Plaintiff would have no avenue for review of a ruling that would adversely affect future litigation in which it will seek similar records from defendant SSA. Further, the SSA, which prevailed in the earlier decision, does not object to the Court's vacating that decision, but rather joins Plaintiff in its motion for vacatur.

### III. *CONCLUSION*

For the reasons stated above, the Court hereby GRANTS the parties' joint motion for vacatur. The order granting summary judgment is hereby vacated on grounds of mootness.

IT IS SO ORDERED.